UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LLOYD T. NAPIER, | ) | |
| | ) | |
| Petitioner, | ) | 6:08-cr-00060-GFVT-EBA-2 |
| | ) | 6:12-cv-07213-GFVT-EBA |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendant Lloyd T. Napier's *pro se* petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [R. 121.] Consistent with local practice, this matter was referred to Magistrate Judge Edward B. Atkins, who filed a Report and Recommendation recommending that Napier's motion be denied. [R. 128.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

In this case, Napier filed timely objections to the Recommendation. [R. 129.] In his objections, he waived any further litigation regarding his first and third arguments for ineffective assistance of counsel. [R. 129 at 1.] Even under a more lenient standard applied for *pro se* defendants, *see Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985), Napier's waiver of further litigation does not trigger the Court's requirement to conduct a *de novo* review. *See, e.g., Mira*, 806 F.2d at 637 ("The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'") (citing *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)). However, Napier offered specific objections to the Recommendation with regard to his second ineffective assistance of counsel argument: that counsel failed to object to the inclusion of two misdemeanor convictions for which Napier had no counsel as grounds for an increase in his criminal history category. These objections are sufficiently specific and do trigger the Court's obligation to conduct a *de novo* review as to the second ineffective assistance of counsel argument. *See* U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Napier's objections will be OVERRULED and his motion for habeas relief will be DENIED.

**I**

Defendant Lloyd T. Napier was sentenced to one-hundred eighty months imprisonment after pleading guilty to conspiracy to distribute oxycodone in violation of 18 U.S.C. §§ 846 and 841(a)(1). [R. 77.] Napier appealed his case to the Sixth Circuit Court of Appeals, specifically challenging the District Court's imposition of a two-level enhancement to his base offense level, for possession of a dangerous weapon during the offense, during sentencing. The Sixth Circuit

affirmed Napier's conviction on May 3, 2011. [R. 117.] Napier then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or otherwise correct his sentence. [R. 121.]

In his motion, Napier alleges three grounds of ineffective assistance of counsel. First, he argues that his counsel was ineffective for failing to object to the two-level enhancement for possession of a dangerous weapon during the offense—the enhancement at issue in the Sixth Circuit appeal. Second, he argues that counsel was ineffective for failing to object to the consideration of two uncounseled misdemeanor convictions during the calculation of his criminal history. Finally, Napier alleges that counsel failed to object to certain historical information in the presentence report finding that he was responsible for approximately 15,000 oxycodone 80 milligram tablets. Magistrate Judge Atkins reviewed Napier's motion and issued a Report and Recommendation to the Court. Judge Atkins found all three of Napier's ineffective assistance of counsel claims to be without merit and, accordingly, recommended the denial of his § 2255 motion.

Napier filed objections to Judge Atkins' Recommendation. As explained above, Napier waived any further litigation regarding his first and third arguments for ineffective assistance of counsel, thus failing to trigger the Court's obligation to conduct a *de novo* review. Nonetheless, the Court has reviewed the facts, the record, and Judge Atkins' Recommendation as to the first and third arguments and has found the Recommendation to be sound. Accordingly, the Court adopts the Report and Recommendation as and for the opinion of the Court on both of those claims. Based on Napier's specific objections, however, the Court now conducts its own *de novo* review of Napier's specific objection with regard to his second ineffective assistance of counsel argument: that counsel failed to object to the inclusion of two misdemeanor convictions for which Napier had no counsel as grounds for an increase in his criminal history category.

**II**

Napier was sentenced according to the 2008 United States Sentencing Guidelines Manual.[1] [R. 86 at 11.] For purposes of his guidelines range calculation, Napier was assigned a Category III Criminal History based on five criminal history points. [*Id.* at 12-13.] Napier takes no issue with three of the five points, but he strongly contests two of the points in his habeas petition and his objections to Judge Atkins' Recommendation. The two points in contention are summarized as follows:

1. One point for a February 2004 assault charge in Harlan District Court, Harlan, Kentucky. The sentence imposed was thirty days jail, suspended, with twelve months unsupervised probation. [*Id.* at 12.] The Pre-Sentence Report ("PSR") indicates that information regarding attorney representation was unavailable at the time of the PSR's preparation. [*Id.*] Napier states that he did not have counsel for this case. [R. 121 at 9.]

2. One point for a September 2007 drug offense and speeding in Jefferson County, Tennessee. The sentence imposed was eleventh months and twenty-nine days' jail time, suspended, supervised probation, and various fines. [*Id.* at 13.] The PSR states that "The records of this conviction have been requested" and indicate that Napier stated he served thirty days in jail as a result of this offense. [*Id.*] Napier continues to allege that he had no counsel for this case and that he did, indeed, serve thirty days of jail time. [R. 121 at 9-10; R. 129.]

In short, Napier argues that his counsel was ineffective for failing to object to these two criminal history points. To support his argument, Napier claims that the two misdemeanor

---

[1] Accordingly, when the Court refers to a particular Guidelines provision throughout this Opinion, the Court quotes from and cites to the 2008 version of the U.S.S.G. Manual.

convictions, which were uncounseled, cannot be used to calculate his criminal history category under the Sentencing Guidelines. Napier relies on the case *Custis v. United States*, 511 U.S. 485 (1994), as well as certain language from the Guidelines Manual for his conclusion. The Court addresses each of Napier's contested criminal history points in turn.

## A

The Court first considers Napier's February 2004 assault charge. In his Report and Recommendation, Judge Atkins found that the criminal history point for this offense was properly assigned because Napier was never actually imprisoned as a result of the offense.[2] To reach this conclusion, Judge Atkins considered the Sixth Circuit's holdings in *United States v. Burroughs*, 5 F.3d 192 (6th Cir. 1993), and *United States v. Nichols*, 979 F.2d 402 (6th Cir. 1992), *aff'd* 511 U.S. 738 (1994). In *United States v. Nichols*, the Sixth Circuit considered whether a defendant's uncounseled DUI misdemeanor conviction, for which the defendant was merely fined but not incarcerated, could be included in the defendant's criminal history score for sentencing. 979 F.2d 402. The Sixth Circuit found that the conviction was properly included where the defendant was never incarcerated for the offense. *See id.* at 415-18. Subsequently, the United States Supreme Court upheld the Sixth Circuit's decision. *Nichols v. United States*, 511 U.S. 738, 748-49 (1994).

In his objections to Judge Atkins' Recommendation, Napier attempts to distinguish his case from the defendant in *Nichols*. Napier argues that, although he never served jail time for the assault charge, the charge should not be considered analogous to the *Nichols* DUI offense where only a fine was imposed. Napier equates his thirty days of suspended jail time to a sentence of actual incarceration, stating that he was "actually sentenced to a term of imprisonment, but, said

---

[2] Napier was sentenced to thirty days jail, suspended, and twelve months of unsupervised probation. [R. 86 at 12.] Thus, he was never actually incarcerated.

5

term of imprisonment was probated. It is of no significance that the term of imprisonment was ultimately probated." [R. 129 at 4.] He attempts to bolster his argument by citing a provision of the Guidelines Manual which reads "a sentence of probation is to be treated as a sentence under §4A1.1(c)." U.S.S.G. §4A1.2 cmt. n. 2.

Unfortunately for Napier, the Sixth Circuit Court of Appeals has already plainly rejected his argument, considering the exact question on more than one occasion. For example, in *United States v. Farley*, the court considered the effects of both *Custis v. United States* and *Nichols v. United States* on an uncounseled misdemeanor conviction where a sentence of imprisonment was imposed but then suspended. 25 Fed. Appx' 235 (6th Cir. 2001). The Sixth Circuit explained, "uncounseled misdemeanor convictions are properly included when determining a defendant's criminal history category only if the convictions did not result in sentences of imprisonment. *Suspended sentences are not sentences of imprisonment.*" *Farley*, 25 Fed. Appx' at 237 (emphasis added) (internal citations omitted). *See also United States v. Smith*, 56 F.3d 66, No. 94-5627, 1995 WL 314892, at *1-2 (6th Cir. 1995); U.S.S.G. §4A1.2(b)(2) ("If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended."); U.S.S.G. §4A1.2(b), cmt. n. 2 ("To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence").

In light of this precedent, the Court finds that the February 2004 assault charge—an uncounseled misdemeanor for which the sentence of imprisonment was fully suspended—was properly included in Napier's criminal history calculation. Accordingly, Napier's counsel was not ineffective for failing to object to the criminal history point, because any objection made by counsel would not have changed the Court's ultimate criminal history calculation. *See*

6

*Strickland v. Washington*, 466 U.S. 668, 694 (1984) (defendant challenging counsel's performance must prove that there is a reasonable probability that "the result of the proceeding would have been different" but for counsel's errors).

**B**

The Court next considers the criminal history point assigned for the September 2007 Jefferson County, Tennessee incident. [*See* R. 86 at 13.] Like the 2004 assault, this conviction involved an uncounseled misdemeanor. Unlike the 2004 assault, however, the record indicates a lack of clarity as to whether or not Napier ever served any jail time for the offense. The PSR indicates that Napier was sentenced to eleven months and twenty-nine days jail time, suspended. [*Id.*] The PSR notes, however, that Napier informed United States Probation Officers preparing the PSR that he spent thirty days in jail, and Napier continues to assert that he was actually imprisoned. [*Id.*; R. 129.] If Napier's entire incarceration sentence was not suspended, the line of reasoning and Sixth Circuit precedent discussed above would be inapplicable. *See Farley*, 23 Fed. Appx' 235; *Smith*, 56 F.3d 66. But just as Judge Atkins concluded in his Recommendation, it is ultimately unnecessary for the Court to determine whether or not Napier was ever incarcerated in connection with this offense.

As previously mentioned, Napier does not dispute that three criminal history points were properly assigned to him. In addition, the Court has just explained that a fourth criminal history point for the February 2004 assault misdemeanor was proper. According to the 2008 Guidelines Manual, a Criminal History Category of III is given to defendants with four, five, or six criminal history points. *See* U.S.S.G. Sentencing Table. Whether or not Napier should have been assigned a fifth criminal history point for the 2007 uncounseled misdemeanor is, thus, a non-issue, resulting in harmless error and improper grounds for an ineffective assistance of counsel

7

claim. Had Napier's counsel objected to the fifth point, Napier would have nonetheless been assigned a Criminal History Category of III for the purpose of determining his recommended Guidelines range.

### III

In conclusion, after reviewing *de novo* the record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins' analysis of Napier's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11. As explained above in response to Napier's objections, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 129] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [R. 128] is **ADOPTED** as and

for the opinion of this Court, with the Court's opinion above supplementing the Magistrate's discussion of the Petitioner's second ineffective assistance of counsel claim;

      3.  The Petitioner's § 2255 Petition [R. 121] is **DISMISSED WITH PREJUDICE**;

      4.  A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

      5.  **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 9th day of December, 2015.

Gregory F. Van Tatenhove
United States District Judge